## JAMES H. CLARK *et al.*

*v.*

## THE SCHOOL DIRECTORS OF DISTRICT No. 1, etc.

1. SCHOOL DIRECTORS—*powers of, to purchase property and contract debts.* The powers of school directors all exist under the statute, and are extremely limited. They may appropriate to the purchase of libraries and apparatus any surplus funds, after all necessary school expenses are paid, and the form of the orders to be drawn by them on the treasurer of the township is prescribed by statute, and must be followed; and such orders can not be made payable on time, or draw interest.

2. SAME—*not liable on the quantum meruit for libraries or apparatus purchased for schools.* The authority given to school directors by statute, to "appropriate to the purchase of libraries and apparatus any surplus funds, after all necessary school expenses are paid," is a limitation of their power to make such purchases, to the circumstances named, and is an implied restriction of any power to purchase generally on credit.

3. A purchase of such articles by the school directors on a credit, where it does not appear that there were any surplus funds, after all necessary school expenses were paid, applicable to such purchase, is void, and there is no contract implied by law to pay for articles thus purchased, arising from their receipt and use.

4. The only remedy of the seller, under such circumstances, is, to claim the property itself

WRIT OF ERROR to the Circuit Court of Iroquois county; the Hon. N. J. PILLSBURY, Judge, presiding.

Messrs. ROFF & HARRIS, for the plaintiffs in error.

Messrs. HOLLAND & AYERS, and Mr. S. G. BOVEE, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit, originally commenced before a justice of the peace, in favor of Clark & Lake, against The School Directors of District No. 1, Town. 27, Iroquois county, Illinois, where a verdict and judgment were rendered in favor of the defendants.

On appeal by plaintiffs to the circuit court, a like verdict and judgment were there rendered against them, from which latter judgment they bring this writ of error.

The record shows, that, on the trial in the circuit court, the plaintiffs offered to prove, that on the 26th day of October, 1871, one Riggs, agent for the plaintiffs, sold to the defendants, through two of its directors, certain school apparatus, consisting of one school set of stereoscopic views, with scope, and elements of geography and history, at the price of $53, to be paid for in one year, with interest at six per cent, and ten per cent after due, and took from the defendants an order for the purchase price and interest, as follows:

STATE OF ILLINOIS,    ⎱
    *County of Iroquois,*  ⎰ *ss.*        .    *Oct.* 26, 1871.

Treasurer of township 27 north, range No. 14, in said county, on or before the first day of April, 1872, pay to Clark, Lake & Co., or bearer, the sum of $53, out of any money belonging to school district No. 1, in said township, for one school set of stereoscopic views, with scope, and elements of geography and history, with interest, at the rate of six per cent, and ten per cent on the amount after due.

PETER BROUILLETTE,
SMART WALKER,
*School Directors.*

That the school apparatus was delivered to the defendants, accepted, and used in their school, and what was its value; that after the time of payment had expired, the order was duly presented for payment, and payment refused, not for want of surplus funds with which to pay it, but upon the ground that the order was void upon its face; that the defendants refused to draw another order to pay anything whatever for the goods. But the circuit court refused to permit such proof to be given to the jury, and no other evidence being offered, the jury returned a verdict for the defendants.

The error assigned is, the exclusion of this offered testimony.

By the statute, the directors of a school district are declared to be a body politic and corporate, by the name of "School Directors of District No. ——," etc. They are made liable, as directors, for the balance due teachers, and for all debts legally contracted.

"For the purpose of  *  *  *  procuring furniture, fuel, libraries and apparatus, and for all other necessary incidental expenses, the directors of each district shall be authorized to levy a tax, annually, upon all the taxable property of the district, not to exceed two per cent for educational and three per cent for building purposes.  *  *  *  They may also appropriate to the purchase of libraries and apparatus any surplus funds, after all necessary school expenses are paid." Rev. Stat. 1874, p. 960, sec. 43.

The statute further prescribes the form of school orders to be drawn by the directors on the treasurer of the township, according to which form they are neither payable on time nor with interest.

This comprises, essentially, all the powers of school directors, as regards the subject matter involved in this suit. Their powers all exist under the statute, and are extremely limited.

The order in question is not in accordance with the prescribed statutory form.

It is supposed that, although it may not be so, and though no action may lie upon it, yet there may be a liability upon a *quantum meruit*, the school directors having received and enjoyed the use of the property.

The authority given to the school directors by the statute is, that they "may appropriate to the purchase of libraries and apparatus any surplus funds, after all necessary school expenses are paid." This would seem to be a limitation of the power to make purchases of this kind to the circumstances named, and to be an implied denial of any power to purchase generally on credit. There was no attempt or offer to show that there were any surplus funds, after all necessary school expenses were paid, applicable to the purchase which

was here made. The order implies the contrary, as it is payable at a future day, with interest, and generally out of any money belonging to the school district.

Under the evidence offered, we are of opinion that the contract of purchase should be held to be unauthorized and void, and that there should not be any contract implied by law to pay for the articles arising from their receipt and use; and as there was no other evidence offered, we perceive no error in the exclusion of the evidence which was offered. The plaintiff's only remedy, in our view, is, to reclaim the property itself.

The judgment will be affirmed.

*Judgment affirmed.*