PETER FOLSOM

*v.*

THE SCHOOL DIRECTORS OF DISTRICT No. 5, ETC.

1. PLEADING—*of the declaration—in suit against school directors.* It is not necessary, in a declaration against a *quasi* corporation of limited powers, such as the school directors of a district, that the cause of action should be specifically set out, so that the court may see affirmatively that the liability sued upon is one authorized by the statute. Where the common counts are used, and there is any case embraced in them for which the defendants under any circumstances could become liable. the allegations contained therein must be held to embrace everything in detail .necessary to sustain the action.

2. SCHOOL DIRECTORS — *power to borrow money for school house.* For the purpose of building school houses, purchasing school sites, or for repairing or improving the same, school directors, by a vote of the people of their district, are authorized to borrow money, and give bonds therefor executed by any two of them.

3. SAME—*power to give notes or orders.* The power to borrow money carries with it, at common law, independent of the statute, the power to give evidence of the loan. The power in school directors to give bonds for money borrowed, given by statute, is not a limitation, but an enlargement of their powers. An order given by them on their treasurer, or other simple evidence of indebtedness for money borrowed for school house purposes, is valid, and may be enforced against the district.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This is a suit in assumpsit for money borrowed by the defendants of one S. A. Holbrook, who transferred the orders issued therefor by indorsement to the plaintiff. The defendants demurred to plaintiff's declaration, the demurrer was sustained by the court, and plaintiff appeals. The first count is as follows:

" In this action Peter Folsom, the plaintiff, by Bloomfield, Pollock & Campbell, his attorneys, complains of the School Directors of District number 5, township 24 north, range 4 east, county of McLean, and State of Illinois, a body corporate by the name and description aforesaid, defendants, in a plea of trespass on the case on promises.   For that whereas, heretofore, to-wit, on the 1st day of June, A. D. 1871, at the county aforesaid, the defendants were duly authorized by a majority vote of the electors of said district, at an election then and there called, and conducted in the manner prescribed in the forty-second section of the statute in relation to public schools then and there in full force and effect, to build a school house in and for the district aforesaid, and to borrow money for that purpose.   And, in pursuance of the power and authority given by the aforesaid vote, afterwards, to-wit, on the day and year aforesaid, at the county aforesaid, Lewis B. Zoll and William F. Hemstreet, then and there being two of the school directors of the aforesaid district, the former then and there being the president and the latter the clerk of the aforesaid board of school directors, and then and there constituting a majority of the said board of school directors, the defendants in the action, borrowed of one S. A. Holbrook the sum of $309, for the uses and purposes aforesaid, and then and there executed and delivered to the said S. A. Holbrook their certain obligation in writing, in substance as follows, to-wit :

"STATE OF ILLINOIS, ⎱ ss.
    *McLean County.* ⎰

Treasurer of township No. 24 north, range No. 4 east, in said county, one year after date, pay to S. A. Holbrook, or bearer, the sum of $309 out of any money belonging to school district No. 5, in said township, for purposes of building school house, with interest at the rate of ten per cent per annum from date till paid, said interest payable semi-annually.

By order of the board of directors of said district.

                          LEWIS B. ZOLL, *President.*
*June* 1, 1874.          WM. F. HEMSTREET, *Clerk.*

"And the said S. A. Holbrook afterwards, to-wit, on the 15th day of June, A. D. 1871, at the county aforesaid, assigned the said obligation by indorsement thereon under his hand to the plaintiff, by means whereof the defendants then and there became liable to pay to the plaintiff the amount of the said obligation, according to the tenor and effect thereof, and being so liable, the defendants, in consideration thereof, then and there promised the plaintiff to pay him the said amount according to the tenor and effect of the said obligation. And although the plaintiff, long after the maturity of the said obligation, to-wit, on the 15th day of June, A. D. 1872, at the county aforesaid, demanded the payment thereof of the township treasurer, nevertheless the said amount due thereby nor any part thereof hath been paid, but remains due and unpaid."

The second count is in like form, upon a similar order for $318 issued to the same party, and in like manner indorsed to the plaintiff. There are also added the common counts.

The sole question presented by this record is, did the court err in sustaining this demurrer. The plaintiff insists that if he has, by his declaration, properly set forth any cause of action which he is entitled to maintain against the defendants, then the demurrer should have been overruled.

Mr. IRA J. BLOOMFIELD, for the appellant.

Messrs. ROWELL & HAMILTON, for the appellees.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

No objection is perceived to the common counts, and it was plainly error to sustain a demurrer to a declaration containing these counts. The judgment in this case, therefore, must necessarily be reversed.

It is insisted by counsel for appellees, that in declarations against a *quasi* corporation of limited powers, such as the school directors of a district, the cause of action must be specifically set out, so that the court may see affirmatively that

the liability sued upon is one authorized by the statute. No authority is produced in support of this position on the question of pleading. It would seem that if there be any case embraced in the common counts, for which the defendants under any circumstances could become liable, the allegation contained in the common counts must be held to embrace everything in detail necessary to sustain the action.

It is insisted by appellant, that the first count in the declaration is good, and in this we are inclined to think that he is correct.

In the case of *Clark* v. *The School Directors*, 78 Ill. 474, it was held that the purchase by school directors of libraries and apparatus on credit was not authorized by the statute, and that money for that purpose could only be appropriated *generally* when the district had "surplus funds, after all necessary expenses are paid." An examination of the statute which led to that decision shows that the mode of procuring furniture, fuel, libraries and apparatus by the directors, which is authorized by the statute, was to levy an annual tax on the taxable property of the district or to appropriate surplus funds for that purpose. In that case the apparatus was purchased upon a credit, there being no evidence that there was a tax levied to raise a fund for that purpose, or that there were surplus funds in the treasury at the time of the making of the contract. The contract was held to be *ultra vires.*

The statute provisions in relation to the subject matter stated in this declaration are far otherwise. Sec. 47, p. 962, Rev. Stat. 1874, provides that "for the purpose of building school houses or purchasing school sites, or for repairing or improving the same, the directors, by a vote of the people, *   *   * may borrow money," (issuing bonds executed by two officers, or at least two members of the board.)

The declaration alleges, that the defendants, by a vote of the people, properly held, were authorized to complete the school house and to borrow money for that purpose, and that they did borrow the money of one Holbrook and executed

and delivered to him the orders stated in the declaration for such sum of money.

It is suggested that the use of the words in sec. 47, "issuing bonds by the officers," etc., is a limitation upon the powers of the board of directors. This we think a misconception of the statute. Power to borrow money carries with it, at common law, the power to give evidence of the loan,—usually carries with it the power to execute promissory notes and simple contracts incident to the loan; but mere power to borrow money does not carry with it as an incident the power to execute a bond, or an instrument under seal. These words, therefore, authorizing the school directors to execute bonds for borrowed money, instead of being used as a limitation of the power and a declaration that they were incapable of borrowing money unless a bond be given, when properly construed are an enlargement of the power, authorizing the directors, not only to give those assurances which were necessarily incident to the power of borrowing money, but to go further and execute a higher grade of securities,—to execute bonds under seal by which the directors might be bound.

The majority of the court are of opinion that the first count in the declaration is good.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*