# FIRST DISTRICT, 1895.

## H. C. FULLER, JR., v. R. L. BROWN ET AL.

### No. 764.

1. **Public School Community—Powers and Liabilities of Trustees.**—A school community organized under the free public school system is not a corporation, and has no territorial limits or power to levy a local tax; it can neither sue nor be sued, nor can its fund be applied to pay damages for a breach of contract by its trustees with a teacher.

2. **Same—Mandamus.**—Mandamus will not lie to compel the trustees of a school community to reinstate a wrongfully discharged teacher after the year for which such trustees were appointed and for which the contract made by them with such teacher has expired.

3. **Same.**—In view of the delay necessarily involved in an appeal by a discharged teacher to the county judge and State Superintendent of Education, and its result in depriving him of all actual relief, it may be that he can apply at once to the District Court for a mandamus to reinstate him where his discharge is without cause.

4. **Same—Validity of Contract.**—That one of the three trustees of a public school community had not taken the oath of office at the time he signed the contract with the teacher, does not invalidate it.

APPEAL from Nacogdoches. Tried below before Hon. JAMES T. POLLEY.

*Ingraham & Ratcliff*, for appellant.—1. Every wrong entitles the party injured to redress against the person committing the injury, and if acts done or threatened will remove all remedy beyond his reach, the courts will aid him with the writ of injunction or any other process necessary to his complete protection. Rev. Stat., arts. 3741, 3772–3774; Bell v. Kuykendall, 3 Texas Civ. App., 209; Caviel v. Colean, 72 Texas, 553.

2. We respectfully submit that the judgment of the District Court ought to be reversed, and the judgment prayed for rendered by this court; but if not this, then such judgment as the facts alleged entitle the plaintiff to receive.

No brief for appellees reached the Reporter.

GARRETT, CHIEF JUSTICE.—This action was brought by H. C. Fuller, Jr., in the District Court of Nacogdoches County against Swift Academy School Community No. 78, of said county, J. J. Fulmer and J. H. Bently, as trustees of said school community, H. F. Dunson, as county judge of said county, and R. L. Brown, to recover damages of said school community for a breach of a contract with plaintiff to teach the public free school for said community by dismissing him

without cause; for a writ of mandamus to said county judge and the trustees requiring them to treat plaintiff as teacher, and to draw and approve checks in his favor against the fund to credit of said school community for the amount due him under his contract; and to enjoin the drawing and approval of checks in favor of R. L. Brown, whom said trustees had employed to teach said school after the breach of their contract with plaintiff. An injunction in chambers was granted. Upon trial, demurrers to the petition were sustained, and the plaintiff having declined to amend, the injunction was dissolved and the petition dismissed.

Nacogdoches County is exempt from the district system of free schools, and its public schools are conducted under what is known as the community system. Sayles' Supp. Rev. Stats., art. 3779. School Community No. 78, which has been sued herein as a body corporate, was created for the scholastic year, September 1, 1893, to August 31, 1894, in accordance with the law providing for the organization of schools under that system (Sayles' Statutes, article 3765, et seq.); and the defendants, J. J. Fulmer, J. H. Bently, and one G. W. Koonce, were appointed trustees of the community. Said trustees entered into a contract with the plaintiff on September 25, 1893, to teach the school for said community for the term of four months, commencing October 16, 1893, and ending February 25, 1894, at a salary of $45 per month. Plaintiff commenced to teach as he had engaged to do, but at the end of two weeks he was summarily informed that the contract was at an end, and was dismissed. He was paid $22.50, for the time he had actually taught, out of the fund to the credit of the community with the county treasurer. The defendant R. L. Brown was then employed to teach the school, and when the petition was filed was so engaged, and was receiving pay therefor out of said fund. Plaintiff appealed to the county judge against the action of the trustees in dismissing him, but that officer sustained the trustees. He then appealed to the State Superintendent of Public Instruction, who reversed the decision of the county judge, and ordered that plaintiff be reinstated and restored to all his rights under said contract; but no attention was paid by the county judge or the trustees to this decision of the State Superintendent, although they were furnished with a copy, and plaintiff offered to teach and carry out his contract.

There was a clear breach of the contract and plaintiff's rights were violated, and it would be a pity if he were without remedy. School districts are by statute in this State quasi-public corporations. Sayles' Supp. Rev. Stats., art. 3737. But they are corporations of a very low grade, and their powers are very limited. Andrews & Co. v. Curtis, 2 Texas Civ. App., 678; Clark v. School District, 78 Ill., 474; 1 Dill. Mun. Corp., secs. 22, 24, and notes 2, 25. School communities are not corporations at all, and are but mere voluntary annual organizations for the use of the school fund derived from the apportionment of the general fund of the State and the county, if any, made for the instruc-

tion of a specific number of children within the scholastic age for the current scholastic year. They are without territorial limits, and no local tax can be levied for their benefit. The powers of the trustees are very limited, and they have no power to use the funds placed to the credit of the community with the county treasurer except for the purposes and in the manner indicated. Sayles' Rev. Stats., art. 3765, et seq. They have no power to create a deficiency debt. Id., art. 3746. The fund with the county treasurer can be drawn upon only for the purpose of paying for the erection and repairs of school buildings, and for the purchase of school furniture and property, and for the payment of teachers; and the terms and conditions upon which it may be disbursed are very stringent, and it is guarded by strict requirements for its disbursements. Id., arts. 3753, et seq., and 3776. No suit can be maintained against the school community, for it is not a corporation, and is without power to sue or to be sued; nor could the school fund be disbursed to pay damages for the breach of a contract by the trustees with a teacher.

The plaintiff sought relief also, however, against the trustees, that they be required to treat him as teacher of said school; in effect, that they reinstate him as such teacher. He set out in the petition the action of the trustees in dismissing him without cause, his ineffectual appeal to the county judge, and the decision on appeal to him of the State Superintendent of Public Instruction. He showed a good case for mandamus to the trustees to reinstate him, so that he might teach in accordance with his contract in the disobedience of the decision of the State Superintendent. 2 Dill., 826, note 3. But as the fund could only be disbursed to him for teaching during the scholastic year, September 1, 1893, to August 31, 1894, this remedy becomes fruitless, and the court will not issue a writ of mandamus where it would be useless. Whether the plaintiff, without appeal, could have applied at once to the District Court for a mandamus to reinstate him on account of the willful conduct of the trustees in dismissing him need not be decided, because he did appeal to the county judge and thence to the State Superintendent, and mandamus is the proper remedy to compel obedience to the decision of a superior officer. The school law provides that trustees shall have the power to employ and dismiss teachers, but that in cases of dismissal teachers shall have the right of appeal to the county and State Superintendent, and makes it the duty of the State Superintendent to hear and determine appeals from the rulings and decisions of subordinate school officers, and requires them to conform to his decisions unless they are reversed by the State Board of Education. Sayles' Supp., arts. 3740, 3715; Sayles' Rev. Stats., art. 3765. Where the statute provides a plain, speedy, and adequate remedy, mandamus will not be issued. 14 Am. and Eng. Encyc. of Law, 101. But it may well be doubted if such remedy is provided in this case, for while the teacher is resorting to his remedy by appeal, the fund to which he may look is being exhausted and the time in

which he may teach is expiring, and he may at last be driven to remedy by mandamus to compel obedience to the decision. In view of the delay and the inadequacy of the remedy by appeal to the school authorities, it may be that the teacher can apply at once to the District Court for a mandamus to reinstate him, where his rights have been capriciously ignored, as appears to have been done in this case, but not where the dismissal was for cause, and the trustees have exercised a discretion confided in them by law.

The contract to teach was valid, and the fact that one of the trustees, G. W. Koonce, had not taken the oath of office when he signed it, did not prevent it being so. He was a de facto officer; also the signatures of a majority of the trustees to the contract were sufficient.

In accordance with the views expressed, the judgment of the court below will be affirmed.

*Affirmed.*

. Delivered February 14, 1895.