**A AMERICAN STAMP & NOVELTY MANUFACTURING COMPANY,** Relator,

v.

**The Hon. Bruce WETTMAN,** Respondent.

**No. 01–83–0468–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 1, 1983.

Peter B. Camp, Morris Belilove, Houston, for relator.

Before EVANS, C.J., and BULLOCK and LEVY, JJ.

## OPINION

EVANS, Chief Justice.

This is an original proceeding in which the relator, a third party claimant in a divorce action, seeks to prevent, pending entry of a final judgment, the court-appointed receiver from distributing part of the proceeds of sale of certain real property that comprised a substantial portion of the marital estate.

The relator's application, filed in this court on July 12, 1983, seeks a writ of mandamus, or alternatively a writ of prohibition, or alternatively a writ of injunction, to stay such partial distribution. The relator contends that because the trial court's order is interlocutory and non-appealable, relator has no adequate remedy at law, and that the issuance of a writ of mandamus is necessary to protect its claim for $14,025, representing approximately seven percent of the sales proceeds.

Since this court does not have appellate jurisdiction to review the trial court's interlocutory order directing the receiver to distribute such sales proceeds, relator's only relief from such order would be by way of writ of mandamus. On July 13, 1983, this court granted relator's motion for leave to file based upon the recently expanded jurisdiction of the Courts of Appeals with respect to the issuance of writs of mandamus. See, Tex.Rev.Civ.Stat.Ann. art. 1824 (Vernon Supp.1983)

The transcript shows that relator applied to the trial court for the appointment of a receiver to sell certain real property belonging to the two original parties in the divorce action, which property constituted the security for a promissory note given to the relator. Acting pursuant to court order, the receiver sold the property and on June 17, 1983, the sale was confirmed. On July 7, 1983, relator filed a motion to stay disbursement of $14,025, representing approximately seven percent of the sales proceeds, and on July 11, 1983, the trial court entered its order of distribution which is the subject of relator's complaint here. That order recited that it was entered as a result of a hearing held on July 5, 1983, at which the original parties to the divorce action and certain third parties, including one Veronica Yeh, but not the relator, announced that they had compromised and settled their claims to the sales proceeds held by the receiver, and that according to the parties' agreement, sale proceeds would be distributed in varying amounts to the respective settling parties. The order further recited that after hearing relator's claim on its merits, the court determined that relator was entitled to receive a total disbursement of $49,644.68, but that it was not entitled to its claim for attorney's fees and trustee's fees, which apparently amounted to the aforementioned sum of $14,025. The order directed that the receiver pay to the settling parties, other than Veronica Yeh, amounts totalling $24,175.37; to Veronica Yeh, the sum of $121,349.94; and to the relator said sum of $49,644.68. The order

further provided that on July 13, 1983, the receiver was to pay Veronica Yeh the additional sum of $14,025. The trial court denied all other relief and claims regarding the proceeds of sale and directed that after the receiver had distributed such funds, the receivership would be closed and the receiver discharged. The order was approved as to "Form Only" by counsel for all parties, including relator. On July 12, 1983, the trial court also entered an order denying relator's application for a stay of disbursement of seven percent (7%) of the sales proceeds.

 A writ of mandamus will not issue if it would be useless or unavailing or if the ultimate object sought to be accomplished is impossible of attainment. *Holcombe v. Fowler,* 118 Tex. 42, 9 S.W.2d 1028 (1928). Accordingly, it has been said that mandamus will not issue for recovery of a fund where, owing to prior disbursement of the fund, such remedy would be fruitless. *See, Fuller v. Brown,* 10 Tex.Civ.App. 64, 30 S.W. 506 (1895, no writ) Under such circumstances, the courts have considered that the subject matter is moot and have refused to order the issuance of a writ of mandamus. *See, Myers v. Myers,* 515 S.W.2d 334, 336 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ dism'd.)

The record shows that the relator did not object to and, in fact, requested the receiver's sale of the real property securing payment of its note and that it also participated in the discussions whereby the parties agreed to the court's proposed distribution of the proceeds of sale pending the divorce. At the time the court entered its proposed order of division and distribution, the receiver made no objection to the distribution of the sales proceeds, except that it sought to stay the order of distribution with respect to the sum of $14,025 to be awarded to Veronica Yeh, and without any objection from relator, the receiver distributed approximately 93% of the sales proceeds, including the sum of $49,644.68 to the relator. Since the relator's application for writ of mandamus pertains only to the $14,025 ordered distributed to Veronica Yeh, the trial court would not have the authority to make any adjustment in its prior order for the purpose of reapportioning the sales proceeds among the respective parties.

We deny the application for mandamus because the disbursement of the funds in the receiver's hands rendered the subject matter moot and prevented any effective redetermination of the issues among the parties receiving shares of the distributed funds. *See, Salgo v. Hoffman,* 521 S.W.2d 922 (Tex.Civ.App.—Dallas 1974, no writ). Because the trial court's order denying relator's claim for attorney's fees and trustee's fees is not final, relator may still assert its claim against the original parties to the action, and this court's order is made without prejudice to relator's right to seek such further relief in the trial court.

The relator's application is denied.