In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00042-CR
______________________________


LEE ANTHONY PESCAIA, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 31013-B


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Lee Anthony Pescaia appeals his conviction for possession of a firearm by a felon. Pescaia
pled guilty and elected to have punishment assessed by a jury. The jury assessed punishment at eight
years' imprisonment. The trial court sentenced Pescaia consistent with the jury's assessment. Pescaia
appeals, alleging the trial court erred in overruling his objection to improper comments relating to
parole law made by the State during closing argument. We affirm.
Â Â Â Â Â Â Â Â Â Â Â Â While on patrol in Gregg County, Douglas Morgan, an officer with the White Oak Police
Department, pulled Pescaia over after observing Pescaia's vehicle swerve several times into the
opposite lane of traffic and that Pescaia's vehicle's brake light was out. Officer Morgan discovered
two rifles on the passenger seat of the pickup and a pistol on the console. Pescaia pled guilty and
stipulated that he had previously been convicted of felony possession of a controlled substance and
that he possessed a firearm before the fifth anniversary of his release from confinement. The State
introduced evidence of the prior conviction for possession of a controlled substance. The State also
introduced evidence that Pescaia had been convicted twice of driving while intoxicated and for
another possession of a controlled substance. In addition, Pescaia had received deferred adjudication
for possession of marihuana. Since possession of a firearm by a felon is a third degree felony,
Pescaia was subject to imprisonment of not less than two years or more than ten years. 
Â Â Â Â Â Â Â Â Â Â Â Â As his sole issue on appeal, Pescaia contends the trial court erred by overruling his objection
to comments made by the State during closing argument. The State argued to the jury that Pescaia
would only have to serve a quarter of his sentence, and Pescaia objected to the State's comments. 
The relevant record is as follows:
[Prosecutor]: . . . One quarter of eligibility. In your jury charge, what does
it say? Actual time plus good conduct time. So, my gosh, if I get ten years, actual
time plus good time, a -- quarter of that time, that's 2.5 years, even if I make the
maximum, ten years.
Â 
[Defense Counsel]: Judge, I'm going to object to any argument on parole law. 
The Charge clearly says do not use it as it applies to this defendant.
Â 
THE COURT: The jury will be governed by what is stated in the Charge. 
You may continue.
Â 
[Prosecutor]: You read the Court's Charge. You read the Court's Charge. He
wants two years. Leniency may fit the crime, but leniency doesn't fit Lee Pescaia.

Pescaia characterizes this exchange as overruling his objection to the State's comments and asserts
the trial court's comments are sufficient to preserve error. We disagree.
Â Â Â Â Â Â Â Â Â Â Â Â The Texas Court of Criminal Appeals has held that "before a defendant will be permitted to
complain on appeal about an erroneous jury argument, he will have to show he objected and pursued
his objection to an adverse ruling." McFarland v. State, 989 S.W.2d 749, 751 (Tex. Crim. App.
1999); see Dean v. State, 995 S.W.2d 846, 850 (Tex. App.âWaco 1999, pet. ref'd). Generally, in
order to preserve a complaint for appellate review, the record must show (1) that the complaint was
made to the trial court by a request, objection, or motion that was timely and sufficiently specific to
make the trial court aware of the grounds of the complaint and (2) that the trial court ruled adversely. 
Tucker v. State, 990 S.W.2d 261, 262 (Tex. Crim. App. 1999). If the objection is sustained, counsel
must then ask for an instruction to disregard. Nethery v. State, 692 S.W.2d 686, 701 (Tex. Crim.
App. 1985); Schumacher v. State, 72 S.W.3d 43, 47 (Tex. App.âTexarkana 2001, pet. ref'd). If the
instruction is given, counsel must then move for a mistrial. Nethery, 692 S.W.2d at 701;
Schumacher, 72 S.W.3d at 47. If counsel does not pursue the objection to an adverse ruling, error
is not preserved. Tex. R. App. P. 33.1; Ramirez v. State, 815 S.W.2d 636, 643 (Tex. Crim. App.
1991). While Pescaia is correct in claiming that he was not required to move for a mistrial if the
objection was overruled, we do not believe the trial court made an adverse ruling in this case.
Â Â Â Â Â Â Â Â Â Â Â Â Rule 33.1 of the Texas Rules of Appellate Procedure requires the trial court to have "ruled
on the request, objection, or motion, either expressly or implicitly." Tex. R. App. P. 33.1(a)(2). 
Since the trial court did not expressly rule on the objection, we must determine whether the trial
court implicitly ruled on the objection. See State v. Kelley, 20 S.W.3d 147, 153 n.3 (Tex.
App.âTexarkana 2000, no pet.). An implicit ruling may be sufficient to preserve error.


 In
Washington v. State, the First Court of Appeals held that error related to alleged improper jury
argument was not preserved when the trial court, in response to an objection, admonished counsel
to "stay within the record." 16 S.W.3d 70, 73 (Tex. App.âHouston [1st Dist.] 2000, pet. ref'd). 
Similarly, in this case, the trial court stated that "[t]he jury will be governed by what is stated in the
Charge. You may continue." Counsel's objection referred to a portion of the jury charge that
directed the jury not to apply the parole law to Pescaia. The court then admonished the jury to be
governed by the jury charge. With no further objection or request, it was reasonable to conclude that
the trial court's action satisfied the objection. Further, the trial court did not take any subsequent
actions that would indicate an adverse ruling.


 We find the trial court's response in the present case
did not constitute an adverse ruling on the defense objection. Because Pescaia did not pursue his
objection to an adverse ruling, error was not preserved for appellate review. We overrule Pescaia's
sole point of error.
Â Â Â Â Â Â Â Â Â Â Â Â For the reasons stated, we affirm.
Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Date Submitted:Â Â Â Â Â Â Â Â Â Â September 30, 2004
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â October 21, 2004

Do Not Publish



en="false"
 UnhideWhenUsed="false" QFormat="true" Name="Intense Reference"/>
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No.
06-11-00076-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN
RE:

BILLY
CHARLES JOHNSTON

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Original
Mandamus Proceeding

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before
Morriss, C.J., Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Opinion
by Chief Justice Morriss

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  O P I N I O N

Â 

Â Â Â Â Â Â Â Â Â Â Â  When we received Billy Charles
JohnstonÂs petition for writ of mandamus directed at the Honorable Eric
Clifford, presiding judge of the Sixth Judicial District Court, we invited
Judge CliffordÂs response concerning JohnstonÂs request for a transcription of
a 1997 pretrial hearing.Â  Judge Clifford
has advised, among other things, that Âthe transcripts and/or notes of the
court reporter do not exist.ÂÂ  Because we
will not require that an impossibility be ordered, we deny JohnstonÂs petition.

Â Â Â Â Â Â Â Â Â Â Â  JohnstonÂs petition seeks a writ of
mandamus directing Judge Clifford to grant his motion to compel preparation of
a reporterÂs record of a September 3, 1997, hearing at which the trial court
denied a defense motion for continuance.Â 
Johnston states that, pursuant to a plea agreement, he pled guilty to
attempted capital murder and received a forty-five year sentence.Â  After he failed in his efforts to purchase a
transcription of the thirteen-year-old pretrial hearing, Johnston filed a
motion to compel with the trial court February 16, 2011.Â  In the motion to compel, Johnston claimed he
had a due process right to purchase[1]
a transcription and requested that the trial court order the preparation of the
transcription.Â  The trial court denied
JohnstonÂs motion to compel February 23, 2011. 

Â Â Â Â Â Â Â Â Â Â Â  To be entitled to mandamus relief, a
relator must show that he or she has no adequate remedy at law to redress the
alleged harm and that he or she seeks to compel a ministerial act, not
involving a discretionary or judicial decision.Â 
State ex rel. Young v. Sixth
Judicial Dist. Court of Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex.
Crim. App. 2007) (orig. proceeding). An act is ministerial if it constitutes a
duty clearly fixed and required by law.Â  State ex rel. Curry v. Gray, 726 S.W.2d
125, 128 (Tex. Crim. App. 1987) (orig. proceeding).

Â Â Â Â Â Â Â Â Â Â Â  Johnston is not entitled to mandamus
relief.Â  Johnston argues he is entitled
to purchase a transcription of the pretrial hearing because the district clerk
has a duty to maintain the untranscribed notes for fifteen years, and he has a
due process right to purchase the transcript.

Â Â Â Â Â Â Â Â Â Â Â  The preservation of the notes of a
court reporter are governed by Section 52.046(a)(4) of the Texas Government
Code and Rule 13.6 of the Texas Rules of Appellate Procedure.Â  Banks
v. State, 312 S.W.3d 42, 43 (Tex. App.ÂDallas 2008, pet. refÂd).Â  Section 52.046(a) requires a court reporter,
if requested, to Âpreserve the notes for future reference for three years from
the date on which they were taken.ÂÂ  Tex. GovÂt Code Ann. Â§ 52.046(a)(4)
(Vernon 2005).Â  Rule 13.6 of the Texas
Rules of Appellate Procedure addresses the duties of the trial court clerk:

When a defendant is convicted and
sentenced . . . the court reporter mustÂwithin 20 days after the time to
perfect the appeal has expiredÂfile the untranscribed notes or the original
recording of the proceeding with the trial court clerk.Â  The trial court clerk need not retain the
notes beyond 15 years of their filing date.

Â 

Tex. R. App. P.
13.6.Â  Rule 13.6 became effective
September 1, 1997Âtwo days before the pretrial hearing at issue.Â  See
Banks, 312 S.W.3d at 44 n.2.

Â Â Â Â Â Â Â Â Â Â Â  Although the notes should still be
preserved by the trial court clerk, the notes were not preserved according to
the response of the trial court.Â  In his
reply, Johnston argues a transcript does exist because he was able to obtain a
copy of the guilty plea hearing on August 7, 2002.[2]Â  While this transcription indicates at least
some of the court reporterÂs notes were in existence in 2002, that fact does
not establish that there exists any transcription or any untranscribed notes of
the continuance hearing.Â  In the
intervening eight years, the notes may have been destroyed, and notes of
different hearings may have been handled differently.

Â Â Â Â Â Â Â Â Â Â Â  Johnston has not provided this Court
with any evidence that the district clerk still has copies of transcription,
the untranscribed notes, or a recording of the continuance hearing.Â  Johnston has failed to demonstrate any error
in the trial courtÂs assertion that the court reporterÂs notes no longer exist.

Â Â Â Â Â Â Â Â Â Â Â  It is not necessary for this Court
to determine whether the failure to preserve the notes for fifteen years
violated JohnstonÂs due process rights.[3]Â  Because the untranscribed notes of the court
reporter no longer exist, no action by this Court could deliver the record
Johnston seeks.Â  We will not require the
trial court to issue an order that is impossible to follow.Â  Such an order would be an exercise in futility.Â  A writ of mandamus will not issue if it would
be useless or unavailing, or if the ultimate object sought to be accomplished
is impossible of attainment.Â  See In re Perez, Nos.Â 13-10-00067-CR
& 13-10-00068-CR, 2010 Tex. App. LEXIS 1890 (Tex. App.ÂCorpus ChristiÂ  Mar. 12, 2010, orig. proceeding) (mem. op.,
not designated for publication) (denying mandamus when court reporterÂs notes
no longer exist); see also Dow Chem. Co.
v. Garcia, 909 S.W.2d 503, 505 (Tex. 1995) (orig. proceeding); In re Charleston, No. 06-10-00037-CR,
2010 Tex. App. LEXIS 3509 (Tex. App.ÂTexarkana May 12, 2010, orig. proceeding)
(mem. op., not designated for publication); A
Am. Stamp & Novelty Mfg. Co. v. Wettman, 658 S.W.2d 241, 243 (Tex.
App.ÂHouston [1st Dist.] 1983, orig. proceeding).

Â Â Â Â Â Â Â Â Â Â Â  For
the reasons stated, we deny JohnstonÂs petition for writ of mandamus.[4]

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  May 23, 2011

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  May 24, 2011

Â 

Publish

Â 











[1]Johnston
is not claiming he is entitled to a free record.Â  The Texas Court of Criminal Appeals has held
the right to a free copy of a record is limited to a direct appeal.Â Â  Ex
parte Trainer, 181 S.W.3d 358, 359 (Tex. Crim. App. 2005).





[2]Johnston
attached a transcription of the guilty plea hearing to his response.Â  We note that this transcription specifies
that the guilty plea hearing was held on June 5, 1997.Â  Johnston claims the date on the transcription
is incorrect.Â  For the purposes of this
mandamus, we will assume the transcription is of the guilty plea hearing, which
Johnston states occurred on September 5, 1997.

Â 





[3]The
United States Supreme Court has recognized some Ârough accommodationsÂ can be
made which do not violate the Equal Protection Clause of the Fourteenth
Amendment.Â  See Norvell v. Illinois,
373 U.S. 420, 424 (1963) (death of court reporter).Â  We express no opinion concerning whether
JohnstonÂs due process rights were violated.

Â 





[4]Johnston
also requested the trial court to order a new trial.Â  We express no opinion concerning whether
Johnston would be entitled to a new trial.Â 
To the extent Johnston is requesting this Court to order the trial court
to grant a new trial, mandamus is not the appropriate remedy.Â  The Texas Court of Criminal Appeals has held Âthe
exclusive post-conviction remedy in final felony convictions in Texas courts is
through a writ of habeas corpus pursuant to Tex.
Code Crim. Proc. art.
11.07.ÂÂ  Olivo v. State, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); accord In re Harrison, 187 S.W.3d 199,
200 (Tex. App.ÂTexarkana 2006, orig. proceeding).

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  In
his reply, Johnston also requests that this Court assess sanctions against the
trial court.Â  See Tex. R. App. P. 52.11(c).Â  Rule 52.11 permits an appellate court to
assess sanctions on a party or attorney who is not acting in good faith.Â  Id.Â  ÂAn appellate court should exercise the
discretion afforded by Rule 52.11 with caution and only after careful
deliberation.ÂÂ  In re Cooper, 320 S.W.3d 905, 911 (Tex. App.ÂTexarkana 2010, orig.
proceeding).Â  Not only do we not conclude
any wrongdoing by the trial court, we are not willing to exercise our
discretion under RuleÂ 52.11 to assess sanctions against the trial court.