In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00076-CR

                                                ______________________________

 

 

 

                                                                        IN
RE:

BILLY
CHARLES JOHNSTON

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                                    Opinion
by Chief Justice Morriss

                                                                              

                                                                              








                                                                   O P I N I O N

 

            When we received Billy Charles
Johnston’s petition for writ of mandamus directed at the Honorable Eric
Clifford, presiding judge of the Sixth Judicial District Court, we invited
Judge Clifford’s response concerning Johnston’s request for a transcription of
a 1997 pretrial hearing.  Judge Clifford
has advised, among other things, that “the transcripts and/or notes of the
court reporter do not exist.”  Because we
will not require that an impossibility be ordered, we deny Johnston’s petition.

            Johnston’s petition seeks a writ of
mandamus directing Judge Clifford to grant his motion to compel preparation of
a reporter’s record of a September 3, 1997, hearing at which the trial court
denied a defense motion for continuance. 
Johnston states that, pursuant to a plea agreement, he pled guilty to
attempted capital murder and received a forty-five year sentence.  After he failed in his efforts to purchase a
transcription of the thirteen-year-old pretrial hearing, Johnston filed a
motion to compel with the trial court February 16, 2011.  In the motion to compel, Johnston claimed he
had a due process right to purchase[1]
a transcription and requested that the trial court order the preparation of the
transcription.  The trial court denied
Johnston’s motion to compel February 23, 2011. 

            To be entitled to mandamus relief, a
relator must show that he or she has no adequate remedy at law to redress the
alleged harm and that he or she seeks to compel a ministerial act, not
involving a discretionary or judicial decision. 
State ex rel. Young v. Sixth
Judicial Dist. Court of Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex.
Crim. App. 2007) (orig. proceeding). An act is ministerial if it constitutes a
duty clearly fixed and required by law.  State ex rel. Curry v. Gray, 726 S.W.2d
125, 128 (Tex. Crim. App. 1987) (orig. proceeding).

            Johnston is not entitled to mandamus
relief.  Johnston argues he is entitled
to purchase a transcription of the pretrial hearing because the district clerk
has a duty to maintain the untranscribed notes for fifteen years, and he has a
due process right to purchase the transcript.

            The preservation of the notes of a
court reporter are governed by Section 52.046(a)(4) of the Texas Government
Code and Rule 13.6 of the Texas Rules of Appellate Procedure.  Banks
v. State, 312 S.W.3d 42, 43 (Tex. App.—Dallas 2008, pet. ref’d).  Section 52.046(a) requires a court reporter,
if requested, to “preserve the notes for future reference for three years from
the date on which they were taken.”  Tex. Gov’t Code Ann. § 52.046(a)(4)
(Vernon 2005).  Rule 13.6 of the Texas
Rules of Appellate Procedure addresses the duties of the trial court clerk:

When a defendant is convicted and
sentenced . . . the court reporter must—within 20 days after the time to
perfect the appeal has expired—file the untranscribed notes or the original
recording of the proceeding with the trial court clerk.  The trial court clerk need not retain the
notes beyond 15 years of their filing date.

 

Tex. R. App. P.
13.6.  Rule 13.6 became effective
September 1, 1997—two days before the pretrial hearing at issue.  See
Banks, 312 S.W.3d at 44 n.2.

            Although the notes should still be
preserved by the trial court clerk, the notes were not preserved according to
the response of the trial court.  In his
reply, Johnston argues a transcript does exist because he was able to obtain a
copy of the guilty plea hearing on August 7, 2002.[2]  While this transcription indicates at least
some of the court reporter’s notes were in existence in 2002, that fact does
not establish that there exists any transcription or any untranscribed notes of
the continuance hearing.  In the
intervening eight years, the notes may have been destroyed, and notes of
different hearings may have been handled differently.

            Johnston has not provided this Court
with any evidence that the district clerk still has copies of transcription,
the untranscribed notes, or a recording of the continuance hearing.  Johnston has failed to demonstrate any error
in the trial court’s assertion that the court reporter’s notes no longer exist.

            It is not necessary for this Court
to determine whether the failure to preserve the notes for fifteen years
violated Johnston’s due process rights.[3]  Because the untranscribed notes of the court
reporter no longer exist, no action by this Court could deliver the record
Johnston seeks.  We will not require the
trial court to issue an order that is impossible to follow.  Such an order would be an exercise in futility.  A writ of mandamus will not issue if it would
be useless or unavailing, or if the ultimate object sought to be accomplished
is impossible of attainment.  See In re Perez, Nos. 13-10-00067-CR
& 13-10-00068-CR, 2010 Tex. App. LEXIS 1890 (Tex. App.—Corpus Christi  Mar. 12, 2010, orig. proceeding) (mem. op.,
not designated for publication) (denying mandamus when court reporter’s notes
no longer exist); see also Dow Chem. Co.
v. Garcia, 909 S.W.2d 503, 505 (Tex. 1995) (orig. proceeding); In re Charleston, No. 06-10-00037-CR,
2010 Tex. App. LEXIS 3509 (Tex. App.—Texarkana May 12, 2010, orig. proceeding)
(mem. op., not designated for publication); A
Am. Stamp & Novelty Mfg. Co. v. Wettman, 658 S.W.2d 241, 243 (Tex.
App.—Houston [1st Dist.] 1983, orig. proceeding).

            For
the reasons stated, we deny Johnston’s petition for writ of mandamus.[4]

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          May 23, 2011

Date Decided:             May 24, 2011

 

Publish

 











[1]Johnston
is not claiming he is entitled to a free record.  The Texas Court of Criminal Appeals has held
the right to a free copy of a record is limited to a direct appeal.   Ex
parte Trainer, 181 S.W.3d 358, 359 (Tex. Crim. App. 2005).





[2]Johnston
attached a transcription of the guilty plea hearing to his response.  We note that this transcription specifies
that the guilty plea hearing was held on June 5, 1997.  Johnston claims the date on the transcription
is incorrect.  For the purposes of this
mandamus, we will assume the transcription is of the guilty plea hearing, which
Johnston states occurred on September 5, 1997.

 





[3]The
United States Supreme Court has recognized some “rough accommodations” can be
made which do not violate the Equal Protection Clause of the Fourteenth
Amendment.  See Norvell v. Illinois,
373 U.S. 420, 424 (1963) (death of court reporter).  We express no opinion concerning whether
Johnston’s due process rights were violated.

 





[4]Johnston
also requested the trial court to order a new trial.  We express no opinion concerning whether
Johnston would be entitled to a new trial. 
To the extent Johnston is requesting this Court to order the trial court
to grant a new trial, mandamus is not the appropriate remedy.  The Texas Court of Criminal Appeals has held “the
exclusive post-conviction remedy in final felony convictions in Texas courts is
through a writ of habeas corpus pursuant to Tex.
Code Crim. Proc. art.
11.07.”  Olivo v. State, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); accord In re Harrison, 187 S.W.3d 199,
200 (Tex. App.—Texarkana 2006, orig. proceeding).

                In
his reply, Johnston also requests that this Court assess sanctions against the
trial court.  See Tex. R. App. P. 52.11(c).  Rule 52.11 permits an appellate court to
assess sanctions on a party or attorney who is not acting in good faith.  Id.  “An appellate court should exercise the
discretion afforded by Rule 52.11 with caution and only after careful
deliberation.”  In re Cooper, 320 S.W.3d 905, 911 (Tex. App.—Texarkana 2010, orig.
proceeding).  Not only do we not conclude
any wrongdoing by the trial court, we are not willing to exercise our
discretion under Rule 52.11 to assess sanctions against the trial court.