NO. 07-11-0263-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 9, 2012

_____

SAN AUGUSTINE COUNTY, TEXAS, and DIANA KOVAR,
COUNTY CLERK OF SAN AUGUSTINE COUNTY, TEXAS,

Appellants

v.

GREG ABBOTT, ATTORNEY GENERAL OF TEXAS,

Appellee

_____

FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-GN-09-002661; HONORABLE TIM SULAK, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

The appeal before us involves the Texas Public Information Act, TEX. GOV'T CODE ANN. § 552.001, and the disclosure of data no longer in the possession of the governmental entity upon which the public information request was made. The players are San Augustine County, its county clerk Diana Kovar (collectively referred to as San Augustine), Britany Fox (Fox), and the Texas Attorney General (TAG). Via final summary judgment and writ of mandamus, the trial court ordered San Augustine to

provide copies to Fox. San Augustine appeals from those decrees contending that the information was not public record and that the trial court cannot order the disclosure of what it does not have. We modify the decrees and affirm them as modified.

*Background*

Fox tendered, on May 4, 2009, a written request upon San Augustine for the following:

1) . . . an electronic copy of any recorded real property documents and/or indices that are maintained in digital form by, or on behalf of San Augustine County via hard drive or cd, and weekly updates going forward. The Historical Society indicated the County Clerk's office has a copy of all records from sovereignty to 2003. We would like a copy of these records . . . .

2) . . . a copy of any plat maps in digital form.

San Augustine timely disclosed some records. However, there existed a category of electronic records that it did not release. Instead, it directed Fox to a different source for them. That source was the San Augustine Historical Society, and the digital records in question (labelled the Society's database for purposes of this appeal) allegedly were created and maintained by that private entity at its own expense. Because of the latter circumstances, San Augustine concluded that they were not public records within the scope of the Public Information Act.

As of May 4, 2009, the Society's database was located at the San Augustine county courthouse in several computers. One of those computers was county property. The others were owned by the Historical Society. And though we are not told of the exact contents of the Society's database, it appears that it was comprised of digitized

copies of old, original legal documents filed with San Augustine. Apparently, those old, original documents remain in existence and open to inspection.

Complaining of San Augustine's failure to release the Society's database, Fox contacted the TAG. The latter ultimately initiated suit for mandamus relief, but before it did, the Historical Society removed all aspects of the database from the County's premises and property (*i.e.* computer) and relocated same to private property near the courthouse.

Eventually, the TAG moved for summary judgment. The trial court granted the motion and, via the final summary judgment it signed, stated that it "shall issue a writ of mandamus compelling Respondents to immediately provide . . . Fox with all electronic copies of County records containing information responsive to her May 4, 2009 request for information" and the directive "includes all responsive information located on San Augustine County premises on May 4, 2009." Identical language appeared in the trial court's ensuing writ of mandamus.

*Discussion*

The debate before us is a bit of a head scratcher. This is so because of the rather open ended wording of the trial court's decrees and the wording of Fox's own request. None of those items mentioned the Society's database by name. Nor did the trial court expressly adjudicate whether the contents of that database were public records within the scope of the Public Information Act or the "recorded real property documents and/or indices that are maintained in digital form by, or on behalf of San Augustine County via hard drive or cd, and weekly updates going forward." Instead, we simply have directives from the trial court telling San Augustine to give Fox "all

3

electronic copies of County records containing information responsive to her" request, whatever they may be.

Because all the litigants assume that the trial court's summary judgment and writ encompass the Society's database despite their rather vague and open ended language, we will do so as well. To this assumption, we apply the rule of law stating that a writ of mandamus will not issue if it would be useless or unavailing or if the ultimate object sought to be accomplished is impossible of attainment. *Holcombe v. Fowler*, 118 Tex. 42, 9 S.W.2d 1028 (1928); *A Am. & Novelty Mfg. Co. v. Wettman*, 658 S.W.2d 241, 243 (Tex. App.–Houston [1st Dist.] 1983, orig. proceeding); *see Fuller v. Brown*, 10 Tex. Civ. App. 64, 30 S.W. 506 (Tex. Civ. App. 1895) (holding that mandamus will not issue for recovery of a fund where, owing to prior disbursement of the fund, such remedy would be fruitless). Since 1) everyone acknowledges that the Historical Society removed the Society's database from the property and premises of San Augustine County, 2) we are cited to nothing of record suggesting that San Augustine retained any possession, custody or control of any aspect of that database once removed by the Society, 3) no one provided us with authority illustrating that a governmental entity can force non-party private entities to release (per the Public Information Act) documents outside the care, custody or control of the governmental entity, we conclude that the trial court ordered a useless act. San Augustine cannot release to or provide Fox with items it does not have.[1]

---

[1]We recognize that the TAG believes San Augustine avoided its obligation under the Public Information Act, if any, by allowing the Historical Society to remove the database. Yet, it acknowledges that the database was removed, and it points us to nothing suggesting that San Augustine possesses it in any way. So, it would seem incumbent upon the TAG to provide us with some authority holding that San Augustine must acquire the database from private entities and be able to release it to Fox. So too would it be incumbent upon the TAG to obtain from the court an order specifying that the database was indeed subject to disclosure under the Act. It did neither.

Accordingly, we modify the final summary judgment and writ of possession to exclude from them any obligation of San Augustine to acquire, secure, release or disclose to Fox the database and digital records therein that were removed from county premises and property by the San Augustine Historical Society, even though we are unable to specifically describe that database or its contents. As modified, the judgment and writ are affirmed.

Brian Quinn
Chief Justice