W. H. Holcombe et al. v. W. C. Fowler et al.

No. 8229. Decided October 17, 1928.
(9 S. W., 2d Series, 1028.)

*J. Harris Gardner, White, Willcox & Taylor, L. D. Gayer, Lloyd Kerr,* and *J. A. Thomas,* for relator.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

Relators, W. H. Holcombe and others, composing the Democratic Executive Committee of Upton County, and J. O. Barfield, have filed a motion for leave to file a petition for mandamus against Hon. C. R. Sutton, Judge of the Eighty-third Judicial District, the Clerk of the District Court of that District, and W. C. Fowler, an interested party.

It appears from the petition that on the 9th of August, 1928, W. C. Fowler filed suit in the District Court of Upton County, in which the relators in this action were made defendants. The purpose of that suit was to obtain a writ of mandamus or mandatory injunction against the Democratic Executive Committee, to require them to order and make full provision for holding and causing to be held a primary election of the Democratic Party in Upton County, on a date to be fixed by the court, for the selection of a nominee of the party for the office of sheriff and tax collector. It was further alleged in that action that the general primary election theretofore held, in which the relator J. O. Barfield had been declared the Democratic nominee for the office of sheriff and tax collector, was illegal and void.

On the 25th of September, 1928, Fowler amended his original petition. The petition and amended petition were answered by the relators, and on the 26th of September, 1928, the District Court, presided over by Judge Sutton, entered judgment holding that the primary election at which Barfield had been previously nominated was void, and awarding a mandamus against the members of the Democratic Executive Committee requiring them to order and make provision for holding and to hold another primary election on October 15, 1928, for the purpose of selecting a nominee for the office of Sheriff and Tax Collector of the County, describing in detail the method and manner of proceeding with the election.

The relators in this action, who were the defendants in that action, appealed from this judgment, and requested the District Judge to fix the amount of a supersedeas bond, in order that they might supersede or stay the judgment during the pendency of the appeal. Judge Sutton refused to fix the amount of the supersedeas bond, and

the purpose of the petition for mandamus now presented to us is to require him to do so, in order that the judgment previously rendered may be stayed until the case is heard by the Court of Civil Appeals.

The general election at which the nominee for Sheriff and Tax Collector of the Democratic primary of Sutton County is to be voted upon will be held on November 6, 1928, and it is obvious that there is not sufficient time from the date of the filing of the motion for leave to file a petition for mandamus in this Court and that date, when the entire subject matter of this litigation will pass out of existence, for this Court to hear the petition for mandamus, pass upon the motion or motions for rehearing, and make any judgment which it might render effective. The rule is an elementary one that a writ of mandamus will not issue if for any reason it would be useless or unavailing. Pollard v. Speer, 207 S. W., 620; Lacoste v. Duffy, 49 Texas, 767, 30 Am. Rep., 122; Wagner v. Garrett, 114 Texas, 362, 269 S. W., 1030; Testard v. Brooks, 70 S. W., 240; Fuller v. Brown, 10 Texas Civ. App., 64, 30 S. W., 506; High on Extraordinary Legal Remedies (2d Ed.), Sec. 14; 38 Corpus Juris, p. 614, Sec. 94. Under this rule it is obvious we would decline to issue the mandamus were we to hear the case. Since the writ would not issue upon hearing, our practice is not to permit the filing of the petition. Hume v. Schintz, 90 Texas, 72, 36 S. W., 429.

The motion for leave to file will therefore be overruled. In overruling the motion, however, we have not considered the merits of the petition for mandamus, and are not to be understood as having passed upon any issue therein presented. The motion for leave to file is accordingly overruled.

*C. M. Cureton*, Chief Justice.