Leo J. O'NEILL et al., Appellants,

v.

Lee YOUNG et al., Appellees.

No. 10302.

Court of Civil Appeals of Texas.

Austin.

March 23, 1955.

Rehearing Denied April 13, 1955.

Camp & Camp, William C. Black, Cameron, for appellants.

Jack W. Prescott, Cameron, for appellees.

GRAY, Justice.

At the Second Democratic Primary Election held on August 28, 1954, appellants were duly appointed members of the canvassing board of Milam County and at the appointed time met to canvass the absentee ballots cast in that county. During this meeting an individual elector appeared and challenged 247 absentee ballots voted by electors of Precinct 15. This challenge was sustained and the ballots were not counted.

Appellees who are fifteen of the electors whose ballots were challenged brought this suit against appellants and prayed

"* * * that Defendants be ordered and notified to appear at a hearing at such time and place as designated by the Court, and that upon proper hearing, they be ordered to canvass and count the 247 absentee ballots in question according to the provisions of Law in such cases made and provided; that mandamus issue upon such hearing ordering Defendants to canvass and count such ballots as provided by Law and certify the results of such canvass and count as provided by law: and for such

other and further relief to which they may be entitled."

A nonjury trial was had and on September 8, 1954, the trial court entered judgment as follows:

"Therefore it is ordered that the prayer of petitioners is granted, and the respondents are directed to tabulate, count and report the absentee ballots and votes from election Precinct No. 15 as in the case of all other absentee votes and ballots. It is further ordered that writ of mandamus issue to the defendants with copy of this judgment attached, and that same be placed in the hands of the Sheriff for service upon each of the defendants."

Appellants have appealed from and have superseded this judgment.

The parties agree that this is not an election contest and that any judgment rendered in this cause will not change the result of the election.

We find no order impounding the challenged ballots and no request for such an order.

There is no showing, and no attempt was made to show, how any elector voted, and there is no allegation or proof that the ballots have been illegally destroyed for which reasons the provisions of Art. 9.38, Vernon's Ann.Civ.St., Election Code, has no application.

It is not asserted that the rejected ballots were not returned to the county clerk as directed by law and we assume they were so returned. Subdivision 6 of Art. 5.05, Vernon's Ann.Civ.St., Election Code, in part, provides:

"* * * all rejected ballots shall be enclosed, securely sealed, in an envelope on which words 'rejected absentee ballots' have been written, together with a statement of the precinct and the date of election, signed by the judges and clerks of election and returned in the same manner as provided for the return and preservation of official ballots voted at such election."

And Art. 13.23 provides that all ballot boxes shall be returned to the county clerk within twenty-four hours after the votes have been counted. Art. 13.28 provides:

"Ballot boxes, after being used in the primary elections, shall be returned to the County Clerks as provided in Section 201 of this Act [art. 13.23], and unless there be a contest for a nomination in which fraud or illegality is charged, they shall be unlocked and unsealed by the County Clerk and their contents destroyed by the County Clerk and the County Judge without examination of any ballot at the expiration of sixty (60) days after such primary election. Provided that the District Judge, upon his own motion, or upon the request of the County or District Attorney, may, by an order entered on the minutes of the District Court, defer the destruction of the contents of such ballot boxes for a period not to exceed twelve (12) months after such primary election."

More than sixty day have elapsed since August 28, 1954, and we must assume the ballots have been destroyed and therefore cannot now be counted. Further the judgment of the trial court directs appellants "to tabulate, count and report the absentee ballots and votes from Precinct No. 15." To comply with this order would require appellants to reconvene as the canvassing board of Milam County. We find no provision in the Election Code authorizing such a meeting. It is therefore our opinion that when appellants met as the canvassing board, canvassed the absentee ballots made their returns and then adjourned their duties were at an end and they cannot reconvene at a subsequent day and act as such board. Benavides v. Orth, Tex.Civ.App., 120 S.W.2d 99.

For the reasons stated supra the writ of mandamus if issued could not accomplish any lawful purpose. The rule is "that a writ of mandamus will not issue if

for any reason it would be useless or unavailing." Holcombe v. Fowler, 118 Tex. 42, 9 S.W.2d 1028.

The judgment of the trial court is reversed and judgment is here rendered that appellees take nothing.

Reversed and rendered.