NO.
12-07-00236-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

§                      

IN RE:

ROYCE
BANE INVESTMENTS, INC.,     §                      ORIGINAL PROCEEDING

RELATOR

§                      

                                                                                                                                                           


MEMORANDUM
OPINION

            Royce
Bane Investments, Inc. seeks a writ of mandamus ordering the trial court to
vacate its order disqualifying Bane’s trial counsel.[1]  We deny the requested relief. 

 

Background

            Royce
Bane Investments, Inc. (Bane) sued Larry McGinn and McGinn Tire and Lumber Co.
(McGinn) for breach of contract and fraudulent inducement in the 3rd Judicial
District Court of Henderson County, Texas. 
The Honorable Jim Parsons was the judge of that court and presided while
the case pended for four and a half years. 
Judge Parsons left the bench at the end of December 2006.  In April 2007, he sought to substitute as
counsel for Bane.  McGinn filed a motion
to deny substitution of counsel and to disqualify Judge Parsons, arguing that
his representation was improper because he had presided over the case.  After both sides filed extensive briefing,
the trial court denied the substitution of counsel and disqualified Judge
Parsons as Bane’s counsel on May 8, 2007. 
On June 18, 2007, the trial court heard McGinn’s motion for summary
judgment.  The trial court granted
summary judgment for McGinn that same day, ending the litigation in the trial
court.  Bane filed a petition for writ of
mandamus with this court on June 27, 2007. 
Bane filed notice of appeal of the summary judgment on July 16, 2007. 

 

Mandamus Relief

            Mandamus is available to correct a
clear abuse of discretion when there is no adequate remedy by appeal.  In re Prudential Ins. Co. of Am.,
148 S.W.3d 124, 135–36 (Tex. 2004).  To
be entitled to mandamus relief, the burden of showing an abuse of discretion,
as well as the inadequacy of a remedy by appeal, is placed on the relator.  Canadian Helicopters Ltd. v. Wittig,
876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding); In re E. Tex. Med.
Ctr. Athens, 154 S.W.3d 933, 935 (Tex. App.–Tyler 2005, orig.
proceeding).  However, mandamus will not
issue where it would be useless or unavailing. 
See Dow Chem. Co. v. Garcia, 909 S.W.2d 503, 505 (Tex.
1995); Holcombe v. Fowler, 118 Tex. 42, 9 S.W.2d 1028, 1028 (Tex.
1928) (orig. proceeding).  

            In this case, Bane complains that
Judge Parsons was not permitted to represent him at the hearing on the motion
for summary judgment.[2] 
But Bane did not obtain a stay of the proceedings before that hearing
and did not file this mandamus petition until after the trial court had granted
summary judgment.  Consequently, even if
we determined that the respondent trial court abused its discretion by
disqualifying Judge Parsons, Bane would not be able to have Judge Parsons represent
him at the hearing on the motion for summary judgment because that hearing has
already occurred.  Therefore, it would be
useless or unavailing for this court to order the trial court to vacate its
order disqualifying Judge Parsons. 

            Courts, including this one, have
granted mandamus relief even after the end of the underlying litigation.  But these were in unusual instances.  See Geary v. Peavy, 878 S.W.2d
602, 603 (Tex. 1994) (Mandamus appropriate because of “unique and compelling
circumstances” involving conflicting child custody orders despite the entry of
a final order.); In re Home State County Mut. Ins. Co., No.
12-07-00062-CV, 2007 Tex. App. LEXIS 3752, at *5–6 (Tex. App.–Tyler May 16,
2007, orig. proceeding) (mem. op.) (Mandamus requiring trial court to vacate
severance order rendered final judgment interlocutory.).  No similar unusual or compelling facts are
presented here.  Therefore, we do not
consider the merits of Bane’s petition for mandamus.[3] 

 

Disposition

            The petition for writ of mandamus is
denied.  

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion delivered February 8,
2008.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1]
The respondent is the Honorable Harold Entz,
Senior Judge sitting by designation in the 3rd Judicial District Court of
Henderson County, Texas.  Larry McGinn
individually and d/b/a/ McGinn Tire and Lumber Co. is the real party in
interest. 





[2]
Bane argues not only that it did not have Judge
Parsons as his lawyer, but that “McGinn pushed for a ruling on the summary
judgment [sic] while Bane was without counsel, and did so without notice to
Bane’s last known counsel . . . .” 
Counsel appeared on Bane’s behalf at the summary judgment hearing.





[3] Ordinarily, and when a lawsuit is still pending,
mandamus review is appropriate for an order disqualifying counsel.  See In re Basco, 221 S.W.3d
637, 639 (Tex. 2007) (orig. proceeding).