

**In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00037-CR

_____

IN RE:
JOHN WAYNE CHARLESTON

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

John Wayne Charleston has asked the Fifth Judicial District Court to convene a court of inquiry. *See generally* TEX. CODE CRIM. PROC. ANN. art. 52.01 (Vernon 2006). Because Charleston's initial request, filed in October 2008, has not been acted on, he petitions this Court for mandamus relief, to direct the trial court to rule on his request.[1]

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992).

Consideration of a motion that is properly filed and before the trial court is a ministerial act, and mandamus may issue to compel the trial court to act. *See Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). A trial court is required to consider and rule on a properly filed and pending motion within a reasonable time. *See In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding); *In re Tasby*, 40 S.W.3d 190, 191 (Tex. App.—Texarkana 2001, orig. proceeding). In proper cases, mandamus may issue to compel the trial court to act. *In re Kleven*, 100 S.W.3d 643, 644 (Tex. App.—Texarkana 2003, orig.

---

[1] Charleston's prayer, at the conclusion of his petition for mandamus relief, asks us to "ISSUE A WRIT OF MANDAMUS COMPELLING A STATE INTEREST TEST AND A DECLARATORY JUDGMENT AGAINST THE RESPONDENT DECLARING THAT THE RESPONDENT HAS VIOLATED THE RELATOR'S CONSTITUTIONAL RIGHTS UNDER THE DUE PROCESS AND EQUAL PROTECTION CLAUSE OF THE FOURTEENTH[] AND SET ORDER RESPONDENT IMPLY [sic] TO ART. 52[.01]." From the text of his petition, though, we infer that he seeks to compel the trial court to rule on his request for a court of inquiry.

proceeding); *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding); *see also Marshall*, 829 S.W.2d at 158 (trial court abuses discretion by refusing to conduct hearing and render decision on motion); *Chiles v. Schuble*, 788 S.W.2d 205, 207 (Tex. App.—Houston [14th Dist.] 1990, orig. proceeding) (mandamus an appropriate remedy to require trial court to hold hearing and exercise discretion).[2]

Determining what time period is reasonable is not subject to exact formulation. Whether the trial court has acted within a reasonable period of time depends on the circumstances of the case. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). Moreover, no bright line separates a reasonable time period from an unreasonable one. *In re Keeter*, 134 S.W.3d 250, 253 (Tex. App.—Waco 2003, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). What is a reasonable time to rule is dependent on a myriad of criteria, not the least of which is the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Ex parte Bates*, 65 S.W.3d 133 (Tex. App.—Amarillo 2001, orig. proceeding). The trial court's inherent power to control its own docket must also be factored into the mix. *See Ho v. Univ. of Tex. at Arlington*, 984 S.W.2d 672, 694–95 (Tex. App.—Amarillo 1998, pet. denied)

---

[2]While we have jurisdiction to direct the trial court to make a decision, we may not tell the court what that decision should be. *Crofts v. Court of Civil Appeals*, 362 S.W.2d 101, 105 (Tex. 1962); *State ex rel. Hill v. Court of Appeals for Fifth Dist.*, 34 S.W.3d 924, 927 n.3 (Tex. Crim. App. 2001); *O'Donniley v. Golden*, 860 S.W.2d 267, 269–70 (Tex. App.—Tyler 1993, orig. proceeding).

(court has inherent authority to control its own docket).

From the record before us, it appears that, on October 24, 2008, Charleston filed his request that a court of inquiry be convened.[3]  On or about June 16, 2009, he wrote the trial court asking the status of his request; on December 15, 2009, he sent a document to the trial court asking "for a hearing and ruling on his complaint seeking a court of inquiry."  On January 10, 2010, he filed a motion with the trial court asking the trial court "ORDER CONVENED THE PROCEEDINGS OF A COURT OF INQUIRY."

Since Charleston filed his petition to this Court, we have received notice that the trial judge has recused himself, citing his involvement as Charleston's appellate counsel following Charleston's conviction.  We are also advised that a visiting judge has since been appointed and that the visiting judge has scheduled a hearing for May 26, 2010, to address the issue of Charleston's standing to request a court of inquiry.  Since it appears that the visiting judge is proceeding on Charleston's motion below, we cannot say the visiting judge is acting at an

---

[3]Whether to convene a court of inquiry is a discretionary matter:

> When a judge of any district court of this state, acting in his capacity as magistrate, has probable cause to believe that an offense has been committed against the laws of this state, he may request that the presiding judge of the administrative judicial district appoint a district judge to commence a Court of Inquiry.

TEX. CODE CRIM. PROC. ANN. art. 52.01(a).

unreasonable pace.[4]  We do not grant mandamus relief when it would be of no practical effect, or "if for any reason it would be useless or unavailing."  *Dow Chem. Co. v. Garcia*, 909 S.W.2d 503, 505 (Tex. 1995) (quoting *Holcombe v. Fowler*, 118 Tex. 42, 9 S.W.2d 1028 (1928)).

We deny Charleston's petition for writ of mandamus.


Josh R. Morriss, III
Chief Justice

Date Submitted:     May 11, 2010
Date Decided:       May 12, 2010

Do Not Publish

---

[4]We point out that, while Charleston's initial motion to the trial court was filed almost eighteen months ago, only in December 2009, fourteen months after filing his motion, did Charleston ask the trial court to have a hearing and rule on the motion.