NO. 07-10-00252-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JULY
30, 2010

 



 

IN RE KIRK ROGERS, INDEPENDENT EXECUTOR OF THE ESTATE OF S.K. ROGERS,
RELATOR



 



 

Before
CAMPBELL and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Relator Kirk Rogers, as independent executor
of the estate of his father S.K. Rogers, deceased, seeks a writ of mandamus
requiring the respondent trial court judge to vacate orders compelling relator’s responses to written discovery requests.  We will deny the requested mandamus relief.

Background

            S.K.
Rogers (husband) and real party in interest Mary Beth Goss Rogers (wife)
married in 1999.  Before their marriage,
they executed a premarital agreement which, according to relator,
expresses the intent of husband and wife to create a marriage free of community
property.  An exhibit
attached to the agreement states husband’s total assets then were valued
at $10.9 milllion. 
The agreement obligated husband to execute a new will containing
provisions benefiting wife, and husband executed a new will after the marriage.

The marriage ended with the death of
husband in November 2008.  Husband’s will
was admitted to probate and relator appointed
independent executor.  Among other
provisions, the will devised their residence to wife, and created a trust for
her benefit.  Relator
was named trustee of the trust.  Relator filed an inventory, appraisement and list of claims
showing a probate estate of $40.9 million, all of it separate property.   

In May 2009, relator
filed suit against wife seeking declaratory relief pertaining to the premarital
agreement, a post-marital agreement of husband and wife, and husband’s
will.  On August 27, 2009, wife served relator with requests for disclosure, requests for
production (containing ninety-eight requests, some with sub-parts), and
requests for admissions (containing thirty requests).  In response, on September 1, relator filed a two-page document entitled “objection to
discovery and motion for protective order.” 
It presented a global objection asserting each of wife’s discovery
requests required a response that was not relevant or calculated to lead to the
discovery of relevant evidence.  The
document also contained a motion for protective order seeking a stay of relator’s obligation to respond to wife’s discovery
requests on the grounds the requests were interposed for harassment and created
an undue burden and unnecessary expense. 
Relator made no further response to wife’s
written discovery requests.  During
September 2009, wife filed an application to remove relator
as executor.

            On
February 5, 2010, the trial court conducted a non-evidentiary hearing of relator’s motion for protective order.  By letter to the parties dated March 3, it
announced the motion was denied.  The
record does not contain a signed order.

            On
February 8, relator filed a document answering wife’s
petition for removal of relator as executor.  The pleading also sought a declaratory
judgment that the premarital agreement was “valid and enforceable and does not
create a community estate,” and wife lacked standing to challenge the estate
and was not an interested party of the estate because she had received all
benefits due her under husband’s will.

            The
trial court conducted a rehearing on relator’s motion
for protective order and a hearing on relator’s
objection to discovery on March 31.  It
also heard wife’s motion to vacate a prior order approving the inventory,
appraisement and list of claims and addressed issues of wife’s standing and
status as a person interested in the estate. 
Relator testified the requested document
production “probably” involved the records of thirty to fifty business
entities.  Responsive documents, he
“assume[d],” would fill some 200 large banker’s boxes.  According to relator’s
testimony, producing the requested documents “would be a huge undertaking.” Relator agreed the project would be “onerous and
burdensome.”  Reproduction of the
documents, he opined, would cost “thousands of dollars.”  Copying the requested volume of documents
would disrupt business at an office of the estate in Levelland,
Texas.  

By written order of March 31, the
trial court denied relator any relief from wife’s
outstanding discovery requests and set a sixty-day deadline for serving
responses.  By written orders signed
April 6 and 7 respectively, the trial court vacated its prior order approving
the inventory, appraisement and list of claims and concluded wife was an
interested party and possessed standing to assert claims against the executor.

            On
June 17, wife filed a motion for discovery sanctions.  In the motion, she acknowledged relator had served responses to her requests for disclosure
and requests for admissions.  She
requested monetary sanctions and an order compelling responses to her
still-outstanding requests for production. 


            On
June 18, wife filed an amended pleading seeking removal of relator
as executor and alleging claims for declaratory relief and affirmative causes
of action in contract and tort.  In the
pleading, wife asserted, and sought declarations concerning, a reading of the
premarital agreement contrary to that asserted by relator.  She also alleged claims for damages in part
arising from false representations and conduct of husband predating the
premarital agreement.

            On
June 25, relator filed the present petition for writ
of mandamus and motion for temporary relief. 
By his petition, relator asks us to vacate the
orders of the trial court requiring responses to wife’s discovery.  We stayed enforcement of the March 31
discovery order and directed a response to the petition.  Wife filed a response.

Analysis

            The
scope of discovery rests mainly with the discretion of the trial court.  In re
Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding)
(per curiam). 
A writ of mandamus will issue, however, if a discovery order constitutes
an abuse of discretion and no adequate remedy by appeal exists.  Id.  An abuse of discretion occurs when a trial
court acts without reference to guiding rules and principles.  Id.  No adequate relief by appeal may lie when the
trial court orders production of irrelevant or duplicative documents imposing a
disproportionate burden on the producing party. 
Id. The live pleadings
determine the breadth of permissible discovery. 
In re Barlow, No. 07-05-0321-CV,
2005 Tex. App. Lexis 8523, at *4-*5 (Tex.App.--Amarillo
Oct. 14, 2005, orig. proceeding) (mem. op.).  

            Relator’s petition for mandamus focuses on the trial
court’s order requiring him to respond to wife’s ninety-eight requests for
production,[1]
some containing sub-requests.  As noted,
his objection in the trial court asserted globally that wife’s discovery
requests sought information that was not relevant or reasonably calculated to
lead to the discovery of admissible evidence. 
Similarly, before this court relator broadly
contends the trial court abused its discretion by authorizing discovery
exceeding the scope allowed by the rules of civil procedure.

As we understand the posture of the
litigation at the time of the March 31 hearing from the limited mandamus
record, the issues joined by the parties were relator’s
claim for declaratory relief and wife’s petition for removal of relator as executor. 
Assuming relator’s objection had merit as the
pleadings of the parties existed at that time, a decision we do not reach, we
cannot fail to note the effect of wife’s subsequent amendments to her
pleadings.  The amended pleadings added
claims arising from or related to the conduct of husband in contemplation of marriage
and during marriage.  Even if the scope
of proper discovery excluded inquiry into husband’s conduct before wife’s
amended pleading, after it was served the rules authorized proper
discovery.  Accordingly, on this record,
we decline to grant mandamus based on relator’s broad
contention the trial court abused its discretion by not sustaining his
relevancy objection to wife’s request for production.  A writ of mandamus will not issue “if for any
reason it would be useless or unavailing.” Dow
Chem. Co. v. Garcia, 909 S.W.2d 503, 505 (Tex. 1995) (quoting Holcombe v. Fowler, 118 Tex. 42, 9
S.W.2d 1028, 1028 (Tex. 1928)).  

Relator also sought a protective order,
staying wife’s discovery requests, on the grounds of undue burden, unnecessary
expense, and harassment.  Tex. R. Civ. P. 192.6(b). 
The stay relator sought would have suspended
his obligation to respond to wife’s discovery requests until the court
determined the sufficiency of the premarital agreement to create a
“community-free marriage.”  The propriety
of granting a stay involved a balancing of the burden on relator
to respond, shown by his record evidence, and the benefit of discovery going
forward, “taking into account the needs of the case, the amount in controversy,
the parties’ resources, the importance of the issues at stake in the
litigation, and the importance of the proposed discovery in resolving the
issues.”  Tex. R. Civ. P. 192.4(b); see In
re Alford Chevrolet-Geo, 997 S.W.2d 173, 182 (Tex. 1999) (orig. proceeding)
(discussing precertification discovery in class action).  According to relator’s
testimony, wife’s requested production of documents involves thirty to fifty
business entities.  As noted, relator told the court also that the requested documents would
occupy some 200 large banker’s boxes and the process would disrupt business
where the records are stored.  In relator’s opinion, copying the documents would cost
thousands of dollars.  Considering that
evidence in light of the issues at stake, the amount in controversy, and the
importance of the dispute in settlement of administration of husband’s probate
estate,[2]
we are unable to say the trial court abused its discretion by denying relator the protective order requested.  

Finding no abuse of discretion in the
trial court’s rulings, it is not necessary to discuss relator’s
claim that he lacks an adequate remedy at law.

Conclusion

Relator’s petition is denied. We dissolve our
order temporarily staying enforcement of the trial court’s March 31 discovery
order.  Wife has requested rehearing of
our grant of temporary relief.  That
motion is dismissed as moot.  As a
sanction, wife also requested attorney’s fees. 
Tex. R. App. P. 52.11.  We deny
that request.

 

                                                                                    Per
Curiam

 











[1] Relator’s petition for
mandamus does not address the applicability of the trial court’s discovery
order to wife’s requests for admissions or requests for disclosures.  As noted, it appears relator
has responded to those requests, so we do not address them further.





[2] As a comparison with the evidence the court heard
concerning the expense of the proposed discovery, relator
also testified the cost of appraisal services incurred in connection with the
filing of the federal estate tax return and inventory exceeded $119,000.