NO. 07-10-00252-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 30, 2010

_____

IN RE KIRK ROGERS, INDEPENDENT EXECUTOR OF
THE ESTATE OF S.K. ROGERS, RELATOR

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator Kirk Rogers, as independent executor of the estate of his father S.K. Rogers, deceased, seeks a writ of mandamus requiring the respondent trial court judge to vacate orders compelling relator's responses to written discovery requests. We will deny the requested mandamus relief.

Background

S.K. Rogers (husband) and real party in interest Mary Beth Goss Rogers (wife) married in 1999. Before their marriage, they executed a premarital agreement which, according to relator, expresses the intent of husband and wife to create a marriage free of community property. An exhibit attached to the agreement states husband's total assets then were valued at $10.9 milllion. The agreement obligated husband to execute a new will containing provisions benefiting wife, and husband executed a new will after the marriage.

The marriage ended with the death of husband in November 2008. Husband's will was admitted to probate and relator appointed independent executor. Among other provisions, the will devised their residence to wife, and created a trust for her benefit. Relator was named trustee of the trust. Relator filed an inventory, appraisement and list of claims showing a probate estate of $40.9 million, all of it separate property.

In May 2009, relator filed suit against wife seeking declaratory relief pertaining to the premarital agreement, a post-marital agreement of husband and wife, and husband's will. On August 27, 2009, wife served relator with requests for disclosure, requests for production (containing ninety-eight requests, some with sub-parts), and requests for admissions (containing thirty requests). In response, on September 1, relator filed a two-page document entitled "objection to discovery and motion for protective order." It presented a global objection asserting each of wife's discovery requests required a response that was not relevant or calculated to lead to the discovery of relevant evidence. The document also contained a motion for protective order seeking a stay of relator's obligation to respond to wife's discovery requests on the grounds the requests were interposed for harassment and created an undue burden and unnecessary expense. Relator made no further response to wife's written discovery requests. During September 2009, wife filed an application to remove relator as executor.

On February 5, 2010, the trial court conducted a non-evidentiary hearing of relator's motion for protective order. By letter to the parties dated March 3, it announced the motion was denied. The record does not contain a signed order.

On February 8, relator filed a document answering wife's petition for removal of relator as executor. The pleading also sought a declaratory judgment that the premarital agreement was "valid and enforceable and does not create a community estate," and wife lacked standing to challenge the estate and was not an interested party of the estate because she had received all benefits due her under husband's will.

The trial court conducted a rehearing on relator's motion for protective order and a hearing on relator's objection to discovery on March 31. It also heard wife's motion to vacate a prior order approving the inventory, appraisement and list of claims and addressed issues of wife's standing and status as a person interested in the estate. Relator testified the requested document production "probably" involved the records of thirty to fifty business entities. Responsive documents, he "assume[d]," would fill some 200 large banker's boxes. According to relator's testimony, producing the requested documents "would be a huge undertaking." Relator agreed the project would be "onerous and burdensome." Reproduction of the documents, he opined, would cost "thousands of dollars." Copying the requested volume of documents would disrupt business at an office of the estate in Levelland, Texas.

By written order of March 31, the trial court denied relator any relief from wife's outstanding discovery requests and set a sixty-day deadline for serving responses. By written orders signed April 6 and 7 respectively, the trial court vacated its prior order approving the inventory, appraisement and list of claims and concluded wife was an interested party and possessed standing to assert claims against the executor.

3

On June 17, wife filed a motion for discovery sanctions. In the motion, she acknowledged relator had served responses to her requests for disclosure and requests for admissions. She requested monetary sanctions and an order compelling responses to her still-outstanding requests for production.

On June 18, wife filed an amended pleading seeking removal of relator as executor and alleging claims for declaratory relief and affirmative causes of action in contract and tort. In the pleading, wife asserted, and sought declarations concerning, a reading of the premarital agreement contrary to that asserted by relator. She also alleged claims for damages in part arising from false representations and conduct of husband predating the premarital agreement.

On June 25, relator filed the present petition for writ of mandamus and motion for temporary relief. By his petition, relator asks us to vacate the orders of the trial court requiring responses to wife's discovery. We stayed enforcement of the March 31 discovery order and directed a response to the petition. Wife filed a response.

Analysis

The scope of discovery rests mainly with the discretion of the trial court. *In re Colonial Pipeline Co.,* 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding) (per curiam). A writ of mandamus will issue, however, if a discovery order constitutes an abuse of discretion and no adequate remedy by appeal exists. *Id.* An abuse of discretion occurs when a trial court acts without reference to guiding rules and principles. *Id.* No adequate relief by appeal may lie when the trial court orders production of irrelevant or duplicative documents imposing a disproportionate burden on the producing party. *Id.*

4

The live pleadings determine the breadth of permissible discovery. *In re Barlow,* No. 07-05-0321-CV, 2005 Tex. App. Lexis 8523, at *4-*5 (Tex.App.--Amarillo Oct. 14, 2005, orig. proceeding) (mem. op.).

Relator's petition for mandamus focuses on the trial court's order requiring him to respond to wife's ninety-eight requests for production,[1] some containing sub-requests. As noted, his objection in the trial court asserted globally that wife's discovery requests sought information that was not relevant or reasonably calculated to lead to the discovery of admissible evidence. Similarly, before this court relator broadly contends the trial court abused its discretion by authorizing discovery exceeding the scope allowed by the rules of civil procedure.

As we understand the posture of the litigation at the time of the March 31 hearing from the limited mandamus record, the issues joined by the parties were relator's claim for declaratory relief and wife's petition for removal of relator as executor. Assuming relator's objection had merit as the pleadings of the parties existed at that time, a decision we do not reach, we cannot fail to note the effect of wife's subsequent amendments to her pleadings. The amended pleadings added claims arising from or related to the conduct of husband in contemplation of marriage and during marriage. Even if the scope of proper discovery excluded inquiry into husband's conduct before wife's amended pleading, after it was served the rules authorized proper discovery. Accordingly, on this record, we decline to grant mandamus based on relator's broad

---

[1] Relator's petition for mandamus does not address the applicability of the trial court's discovery order to wife's requests for admissions or requests for disclosures. As noted, it appears relator has responded to those requests, so we do not address them further.

contention the trial court abused its discretion by not sustaining his relevancy objection to wife's request for production. A writ of mandamus will not issue "if for any reason it would be useless or unavailing." *Dow Chem. Co. v. Garcia,* 909 S.W.2d 503, 505 (Tex. 1995) (quoting *Holcombe v. Fowler,* 118 Tex. 42, 9 S.W.2d 1028, 1028 (Tex. 1928)).

Relator also sought a protective order, staying wife's discovery requests, on the grounds of undue burden, unnecessary expense, and harassment. Tex. R. Civ. P. 192.6(b). The stay relator sought would have suspended his obligation to respond to wife's discovery requests until the court determined the sufficiency of the premarital agreement to create a "community-free marriage." The propriety of granting a stay involved a balancing of the burden on relator to respond, shown by his record evidence, and the benefit of discovery going forward, "taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Tex. R. Civ. P. 192.4(b); *see In re Alford Chevrolet-Geo,* 997 S.W.2d 173, 182 (Tex. 1999) (orig. proceeding) (discussing precertification discovery in class action). According to relator's testimony, wife's requested production of documents involves thirty to fifty business entities. As noted, relator told the court also that the requested documents would occupy some 200 large banker's boxes and the process would disrupt business where the records are stored. In relator's opinion, copying the documents would cost thousands of dollars. Considering that evidence in light of the issues at stake, the amount in controversy, and the importance of the dispute in settlement of

6

administration of husband's probate estate,[2] we are unable to say the trial court abused its discretion by denying relator the protective order requested.

Finding no abuse of discretion in the trial court's rulings, it is not necessary to discuss relator's claim that he lacks an adequate remedy at law.

Conclusion

Relator's petition is denied. We dissolve our order temporarily staying enforcement of the trial court's March 31 discovery order. Wife has requested rehearing of our grant of temporary relief. That motion is dismissed as moot. As a sanction, wife also requested attorney's fees. Tex. R. App. P. 52.11. We deny that request.

Per Curiam

---

[2] As a comparison with the evidence the court heard concerning the expense of the proposed discovery, relator also testified the cost of appraisal services incurred in connection with the filing of the federal estate tax return and inventory exceeded $119,000.