NO. 07-11-00449-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 19, 2011

IN RE BRADLEY BLOMMAERT AND TERESE
BLOMMAERT AND MIKE BLOMMAERT, RELATORS

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ON PETITION FOR WRIT OF MANDAMUS**

Before the Court in this original proceeding is Relators' "Request to Abate Application for Writ of Mandamus" in which Relators explain that the trial court has granted Relators' request for entry of an amended discovery control plan and, under such plan, it is possible that Relators will obtain the discovery to which they believe themselves entitled. However, Relators cite what they characterize as an ongoing practice by the Real Parties in Interest to refuse to provide requested discovery and, in anticipation of the possibility that such practice continues, request that we abate Relators' petition for writ of mandamus. Relators also request that they be permitted to withdraw their pending motion for emergency relief.

In their petition, Relators complain of the trial court's "erroneous discovery rulings" and seek extraordinary relief on that basis. Relators have advised the Court

that the trial court entered an amended discovery control plan on November 29, 2011, and have provided a copy of that order to the Court in support of their request to abate their petition. Based on our review of the record provided, it appears that, by entering the amended discovery control plan and rescheduling relevant deadlines and the trial date, the trial court has granted to Relators the relief requested in their petition.

That said, the issues brought to the Court's attention by said petition have been rendered moot. See In re Kellogg Brown & Root, Inc., 166 S.W.3d 732, 737 (Tex. 2005) (observing that "[a] case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings"). On this basis, we deny Relators' motion to abate these original proceedings and their motion for emergency relief in connection with their petition. See TEX. R. APP. P. 52.10.

Further, mandamus will not issue "if for any reason it would be useless or unavailing." Dow Chem. Co. v. Garcia, 909 S.W.2d 503, 505 (Tex. 1995) (quoting Holcombe v. Fowler, 118 Tex. 42, 9 S.W.2d 1028, 1028 (Tex. 1928)). Therefore, having concluded that the issues raised in the petition are moot, we deny Relators' petition for writ of mandamus without reference to the merits of the petition and without prejudice to Relators' right to re-file a petition relating to subsequent discovery disputes that may develop as this case proceeds in the trial court. See TEX. R. APP. P. 52.8(a).


Per Curiam