

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**

**FORT WORTH**

## NO. 02-16-00375-CV

IN RE COURTNEY LEE                                        RELATOR

----------

ORIGINAL PROCEEDING
TRIAL COURT NO. 57,660-C*1-2

----------

## MEMORANDUM OPINION[1]

----------

In a petition for writ of mandamus and writ of prohibition that relator Courtney Lee filed on October 13, 2016, she asked this court to require the trial court to reinstate a bond and to stay further proceedings with regard to her criminal charges until that court resolved an issue concerning her competency. Relator contended that the trial court violated article 46B.004(d) of the code of criminal procedure by not staying the proceedings before declaring her bond insufficient and increasing the amount of the bond. *See* Tex. Code Crim. Proc.

---

[1]*See* Tex. R. App. P. 47.4.

Ann. art. 46B.004(d) (West Supp. 2016) ("If the court determines there is evidence to support a finding of incompetency, the court . . . shall stay all other proceedings in the case."). On October 17, 2016, we requested a response to relator's petition.

On October 26, 2016, the State of Texas, which is the real party in interest in this proceeding, filed a "Notice of Cause Resolution." The State informed this court that the competency issue has been resolved[2] and that relator has entered into a plea bargain that disposes of her charges. The State's response showed that in accordance with the plea bargain, the trial court deferred its adjudication of relator's guilt to the charges and placed her on community supervision for ten years. Finally, the State suggested that in light of the resolution of the competency issue and the disposition of relator's charges, she was "no longer requesting any relief at this point, but only an improper advisory opinion."

Relator filed a response. In the response, relator agreed that the "case in question ha[d] been temporarily resolved," but she urged us to nonetheless rule on her mandamus petition. She contended that this case is not moot because the trial court's action is capable of repetition but evades review.

---

[2]The State represented that "upon agreement from both the State and [relator], the trial court found [relator] to be competent." The trial court's October 26, 2016 order on competency states, "The Defendant, along with her counsel, . . . agreed with [the doctor's] report that she was competent to stand trial. The Court then found her competent to stand trial."

2

"The rule is an elementary one that a writ of mandamus will not issue if for any reason it would be useless or unavailing." *Holcombe v. Fowler*, 118 Tex. 42, 44, 9 S.W.2d 1028, 1028 (1928) (orig. proceeding); *see Dow Chem. Co. v. Garcia*, 909 S.W.2d 503, 505 (Tex. 1995) (orig. proceeding); *A Am. Stamp & Novelty Mfg. Co. v. Wettman*, 658 S.W.2d 241, 243 (Tex. App.—Houston [1st Dist.] 1983, orig. proceeding) ("A writ of mandamus will not issue if it would be useless or unavailing . . . . Under such circumstances, the courts have considered that the subject matter is moot and have refused to order the issuance of a writ of mandamus."). If a controversy ceases to exist, the case becomes moot. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001).

One "rare" exception to this rule of mootness may occur when an issue is capable of repetition but evades review. *In re Fort Worth Star Telegram*, 441 S.W.3d 847, 852 (Tex. App.—Fort Worth 2014, orig. proceeding). To invoke the exception, "a party must establish both that the challenged act is of such short duration that the issue becomes moot before review may be obtained and that a *reasonable expectation exists that the same complaining party will be subjected to the same action again.*" *Id.* (emphasis added).

We cannot conclude that any such "reasonable expectation" exists here. Relator's argument assumes too many uncertain future events: that sometime in the next ten years, the State will allege that she violated a term of her community supervision; that the State will file a motion for the trial court to adjudicate her guilt; that during such an adjudication proceeding, another issue concerning her

3

competency will arise; and that the trial court will not stay proceedings in accordance with article 46B.004(d) after determining that some evidence supports a finding of incompetency. *Cf. Ex parte Nelson*, 815 S.W.2d 737, 739 (Tex. Crim. App. 1991) (declining to apply the exception when a habeas corpus applicant's claim hinged on the future possibility that he would "once again violate a condition of his parole"); *see Ex parte Bohannan*, 350 S.W.3d 116, 119–20 (Tex. Crim. App. 2011) (citing *Nelson* and reaching a similar conclusion); *see also Coburn v. Moreland*, 433 S.W.3d 809, 826 (Tex. App.—Austin 2014, no pet.) (explaining that the "mere physical or theoretical possibility that the same party may be subjected to the same action again is not sufficient to satisfy the test").

Because the trial court has determined the competency issue and has resolved relator's criminal charges, any relief we could issue in this proceeding would be useless and unavailing. Thus, we dismiss relator's petition as moot. *See In re Bonilla*, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014).

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER, J.; CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

DELIVERED: November 14, 2016

4