

## Fourth Court of Appeals
### San Antonio, Texas

## OPINION

No. 04-19-00376-CR

**IN RE STATE OF TEXAS**, ex. rel. Todd "Tadeo" Durden, County Attorney

Original Mandamus Proceeding[1]

Opinion by:     Rebeca C. Martinez, Justice

Sitting:        Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: July 24, 2019

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART, DENIED IN PART, AND DISMISSED AS MOOT IN PART

Relator filed a petition for writ of mandamus in which it raised two complaints. First, relator asserts the Honorable Enrique Fernandez abused his discretion by denying an indigent criminal defendant's motion to withdraw from the court registry all of the fines and court costs she paid after the criminal charges against her had been dismissed. Relator contends the trial court allowed defendant Maria Villarreal Cervantez to withdraw only $500.00 of the total $897.00 she paid. Second, relator asserts the Honorable James T. Shahan abuses his discretion by imposing fines and court costs on criminal defendants prior to conducting a hearing on whether to accept a plea bargain and formally pronouncing sentence. As to this second complaint, relator asserts that

---

[1] This proceeding arises out of Cause Nos. 10005CR, et al., styled *The State of Texas v. Maria Villarreal Cervantez, et al.*, pending in the County Court, Kinney County, Texas. The Honorable James T. Shahan and the Honorable Enrique Fernandez are the respondents.

under a so-called "Pay-to-Plea" policy, a criminal defendant is permitted to enter a plea and begin the terms of community supervision only after the defendant has paid all fines and court costs.

### REFUND OF FINES AND COURT COSTS

Maria Villarreal Cervantez paid $397.00 in court costs and $500.00 towards a fine. When the charges against her were later dismissed, Ms. Cervantez's attorney filed a motion to withdraw the total amount of $897.00 on deposit in the court's registry. On January 24, 2019, Judge Fernandez signed an "Order to Release" only $500.00 to Ms. Cervantez. In its petition for writ of mandamus, relator asked this court to direct Judge Fernandez to issue "such orders as are necessary to reverse the payment of court costs made pursuant to his January 24, 2019 order, so as to return and restore unto Maria [Villareal Cervantez] the remainder of the money deposited by her with the District and County Clerk in its entirety."

Judge Fernandez filed a response to the petition in which he explained the circumstances under which he ruled to refund amounts deposited by Ms. Cervantez less court costs.[2] Judge Fernandez stated in his response that he would rescind his January 24, 2019 "Order to Release Funds" and enter an order directing that Ms. Cervantez be refunded all funds on deposit in her underlying cause. Alternatively, because Judge Fernandez is concerned he may lack jurisdiction over the cause, Judge Fernandez stated he "would not oppose an order of mandamus . . . directing him to enter such an order." Accordingly, on this issue, we conditionally grant the petition for writ of mandamus.

### PAY-TO-PLEA POLICY

Relator next complains that, under the so-called "Pay-to-Plea" policy, a criminal defendant is allowed to enter a plea and begin community supervision only after the defendant has fully paid

---

[2] Ms. Cervantez filed a response in which she joined in and adopted the arguments made by relator.

any fines and courts costs. Relator asks this court to issue a writ of mandamus "(i) directing Judge Shahan to vacate his letter ruling of September 28, 2018,[3] requiring the District and County Clerk to maintain possession of the Pay to Plea funds; [and] (ii) directing Judge Shahan to make and issue such orders as are necessary to reverse, return and restore all pre-payments of fines, fees and court costs to the parties in the associated cases . . . ."

Real party in interest, Kinney County, filed a motion to dismiss on several grounds, one of which is that relator's complaint about the alleged "Pay-to-Plea" policy is now moot based on Judge Shahan's June 18, 2019 "Sua Sponte Findings and Order Regarding Funds Deposited Prior to Plea" (the "June 18 Order"). In the June 18 Order, Judge Shahan concedes "it is inappropriate under applicable law for the Clerk of this Court to receive, receipt or hold [fees, fines and costs] [and the trial court] is of the opinion that fees, fines and costs may only be collected after entry of a conviction of criminal charges asserted against an individual." Judge Shahan then ordered the court Clerk and/or the Kinney County Treasurer to take certain specific steps to return the deposited funds to affected defendants.

After receipt of Kinney County's motion to dismiss, relator filed a response in which it raised several new arguments. First, relator asked this court to direct Judge Fernandez to "make and issue such orders and local rules of administration as are necessary to reverse the payment of court costs . . . made after the issuance of his Order of January 24, 2019; eliminate the 'Pay-to-Plea' policies in their entirety; and return the pre-payments of fines, fees and court costs wrongfully made or taken under the 'Pay-to-Plea' policy." The only order signed by Judge Fernandez at issue

---

[3] In an email from Todd A. Durden, the Kinney County Attorney, to Judge Shahan and Isela Ramon, the Kinney County Clerk, Mr. Durden asked Ms. Ramon to "refund all monies you have received from misdemeanor defendants who have not plead guilty." On that same date, Judge Shahan replied, "I am asking Ms. Ramon to not refund these funds with this letter." This email from Judge Shahan is the September 28, 2018 "letter ruling" about which relator complains.

in this original proceeding is the January 24, 2019 "Order to Release Funds," which, as explained above, Judge Fernandez has stated he does not oppose vacating.

As to the so-called "Pay-to-Plea" policy, relator asked this court to vacate the June 18 Order on the grounds that it is void for a variety of reasons that have no merit.[4]  Relator also complains the June 18 Order does not address a determination of all persons to whom monies are owed or who have funds on deposit, the reversal of court costs charged upon dismissal, refunds if the funds are no longer on deposit with the Clerk, and reconciliation of new records created with an audited financial report.  We decline relator's request to compel Judge Shahan or any other judge in Kinney County to develop new policies or local rules of administration.  *See In re Mahindra, USA Inc.*, 549 S.W.3d 541, 545 (Tex. 2018) (orig. proceeding) (writ of mandamus is an appropriate remedy to correct the court's abuse of discretion).  To the extent the directions to the Clerk and Kinney County Treasurer contained in the June 18 Order are inadequate to address the return of all funds that Judge Shahan concedes are "inappropriate under applicable law," we are confident Judge Shahan will take all necessary steps to identify any person who paid the fines and court costs in violation of applicable laws and return those funds.

Finally, we disagree with relator's argument that the question of mootness should be decided by Judge Fernandez upon remand.  Relator complains about a specific policy, which has now been eliminated.  We are confident that any policy requiring a defendant to fully pay any fines and courts costs before being allowed to enter a plea and begin community supervision is no longer in practice in Kinney County.  *See Heckman v. Williamson County*, 369 S.W.3d 137, 167 (Tex.

---

[4] Relator contends the June 18 Order contains "prejudicial findings of fact affecting the substantive rights of parties" and contains "admissions of guilt."  The order makes no specific findings as to any specifically named defendant, nor does it contain any admission of guilt by any specifically identified defendant.  Without further elaboration, relator makes the conclusory statement that Judge Shahan "is a witness to the facts he sets forth in the 'findings of fact.'"

2012) (plaintiff's challenge to a statute or written policy may become moot if the statute or policy is repealed or fundamentally altered).

After reviewing the record, we agree that Judge Shahan's "Sua Sponte Findings and Order Regarding Funds Deposited Prior to Plea" moots the complaints about the so-called "Pay-to-Plea" policy raised in the petition for writ of mandamus. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999) ("Appellate courts are prohibited from deciding moot controversies . . . . A case becomes moot if at any stage there ceases to be an actual controversy between the parties." (internal citations omitted)); *Holcombe v. Fowler*, 118 Tex. 42, 9 S.W.2d 1028, 1028 (1928) (orig. proceeding) ("The rule is an elementary one that a writ of mandamus will not issue if for any reason it would be useless or unavailing."); *see also In re Resendez*, 04-19-00100-CR, 2019 WL 1779846, at *1 (Tex. App.—San Antonio Apr. 24, 2019, orig. proceeding) (per curiam) (mem. op.) (not designated for publication) (denying petition because trial court ruled on relator's motion during pendency of mandamus).

## CONCLUSION

We conditionally grant relator's petition in part and direct Judge Fernandez to (1) vacate his January 24, 2019 "Order to Release Funds" and (2) enter an order releasing the remainder of the $897.00 ($397.00) to Maria Villarreal Cervantez. The writ will issue only in the event we are notified Judge Fernandez fails to comply within fifteen days from the date of this opinion. We dismiss relator's petition as moot in so far as relator requests any relief related to the so-called "Pay-to-Plea" policy. Finally, relator also asked this court to disqualify Judge Shahan from presiding over criminal cases. Because the recusal or disqualification of Judge Shahan is the

subject of another pending original proceeding filed by relator, we deny this request for relief in this original proceeding. All other relief requested by any party is denied.

Rebeca C. Martinez, Justice

Publish